UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
VICTORY BOYD and THE SONGS OF
GLORY

        Plaintiff,   Case No.: 1:25-cv-00181

        -*against*-

        **SECOND AMENDED**
        **COMPLAINT**
        **JURY TRIAL DEMANDED**

JACQUES BERMON WEBSTER II p/k/a
TRAVIS SCOTT, CACTUS JACK RECORDS, LLC,
CACTUS JACK PUBLISHING, LLC, EPIC RECORDS,
SONY MUSIC ENTERTAINMENT,
SONY MUSIC PUBLISHING, AUDEMARS PIGUET,
SOLANA ROWE p/k/a SZA, NAVADIUS WILBURN
p/k/a FUTURE, JAHMAL GWIN, JAHAAN SWEET,
NIMA JAHANBIN, EDGAR PANFORD,
"JOHN DOE ENTITIES" 1-10 and
"JOHN DOES" 1-10

        Defendants,
_____X

Plaintiffs, VICTORY BOYD and THE SONGS OF GLORY, through their attorney, KEITH WHITE, PLLC., complaining of the defendants, JACQUES BERMON WEBSTER II p/k/a TRAVIS SCOTT, CACTUS JACK RECORDS, LLC, CACTUS JACK PUBLISHING, LLC, EPIC RECORDS, SONY MUSIC ENTERTAINMENT, SONY MUSIC PUBLISHING, AUDEMARS PIGUET, SOLANA ROWE p/k/a SZA, NAVADIUS WILBURN p/k/a FUTURE, JAHMAL GWIN, JAHAAN SWEET, NIMA JAHANBIN, EDGAR PANFORD, "JOHN DOE ENTITIES" 1-10 and "JOHN DOES" 1-10, upon information and belief, sets forth and alleges as follows:

**SUMMARY OF CLAIMS**

1.      This is a case of copyright infringement against internationally famous and acclaimed artist Jacques Bermon Webster II p/k/a Travis Scott, his record labels, publishers, producers, songwriters and his brand partner Audemars Piguet. The suit seeks actual damages incurred by Plaintiffs, plus disgorgement of each of the Defendants' profits including touring, merchandise and any other additional profits received from their hit song entitled "Telekinesis," as a result of the copying of Plaintiffs' "Like The Way It Sounds" with accompanying lyrics, in addition to statutory damages where available. The suit also seeks recovery of Plaintiffs' expenses, including reasonable attorney's fees, due to the willful and intentional nature of the infringement and the other circumstances alleged herein. Plaintiffs request other ancillary relief in the form of an injunction, a constructive trust imposed over the wrongfully made profits, and an accounting as to the profits earned by each of the Defendants from the infringement.

2.      Plaintiff Victory Boyd ("Boyd") is a singer-songwriter and owner of Plaintiff Songs of Glory ("Glory"). Boyd is a recording artist signed to RocNation Records, the record company founded by legendary musician, entrepreneur and philanthropist, Shawn Carter p/k/a Jay-Z.

3.      Plaintiffs commence this action to: (a) enjoin Defendants from future infringement of Plaintiffs' duly copyrighted and original work -a musical composition entitled "Like The Way It Sounds" ("Original Work") created in November 2019, b) recover damages, including statutory damages where available, arising from Defendants' infringement of Plaintiffs' copyright in the Original Work and (c) seek other declaratory relief.

4.     The Defendants are all active participants in the writing, production, publishing, profiting and international broadcasting of a derivative musical composition and audiovisual work, entitled "TELEKINESIS" which was first published by Defendants on July 25, 2023 (the "Infringing Work"). This Infringing Work is based on, embodies and is substantially similar to Plaintiffs' copyrighted Original Work.

5.     Defendant Audemars Piguet is a watch designer and manufacturer that hip-hop musicians celebrate as a luxury brand. Defendant Audemars Piguet specifically exploited the Infringing Work in a major advertising campaign after requesting permission from the Plaintiff and being declined by Plaintiff.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338(a) and 1367(a) as it arises under the Copyright Act of 1976, 17 U.S.C. §101 *et seq.* (the "Act") and pursuant to the principles of supplemental jurisdiction.

7.     Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and 1400(a) in that Defendants are subject to personal jurisdiction in the Southern District of New York by virtue of Defendants' broadcast of the infringing work to this jurisdiction.

## PARTIES

8.     Plaintiff Ms. Victory Boyd ("Boyd"), is a citizen of the United States and a resident of the State of Texas.

9.     Plaintiff Songs of Glory ("Glory"), is a music publishing company, wholly owned by Boyd, and operated for the sole purpose of publishing musical compositions written, produced or acquired by Boyd.

10. Defendant Jacques Bermon Webster II p/k/a Travis Scott ("Scott"), is a citizen of the United States and a resident of the State of California, having a contact address of 12255 Sky Lane Los Angeles, California 90049, and is the creator and executive producer of the Infringing Work, and at all relevant times was doing and transacting business within the State of New York.

11. Defendant CACTUS JACK RECORDS, LLC ("CACTUS") is a California limited liability company with a principal place of business at 9255 W Sunset Blvd Fl 2, West Hollywood, California 90069-3308. Cactus is the Producer and Distributor of the Infringing Work, and at all relevant times was doing and transacting business within the State of New York.

12. Defendant CACTUS JACK PUBLISHING, LLC ("CACTUS PUBLISHING") is a California limited liability company with a principal place of business at 1900 Avenue Of The Stars 25th Floor, Los Angeles, California 90067-4301. Cactus is the Publisher of the Infringing Work, and at all relevant times was doing and transacting business within the State of New York.

13. Defendant EPIC RECORDS ("EPIC") is a wholly owned subsidiary of Sony Music Entertainment with a principal place of business at 25 Madison Avenue New York, NY 10010. EPIC is the Producer and Distributor of the Infringing Work, and at all relevant times was doing and transacting business within the State of New York.

14. Defendant SONY MUSIC ("SONY MUSIC") is a Delaware corporation with a principal place of business at 25 Madison Avenue New York, NY 10010. SONY MUSIC is the Producer and Distributor of the Infringing Work, and at all relevant times was doing and transacting business within the State of New York.

15. Defendant SONY MUSIC PUBLISHING ("SONY/PUB"), is a Delaware company with a principal place of business at 25 Madison Avenue New York, NY 10010. SONY/PUB is the company publishing and broadcasting the Infringing Work, and at all relevant times was doing and transacting business within the State of New York.

16. Defendant AUDEMARS PIGUET ("AP"), is a foreign corporation with authorization to do business in New York with a principal place of business at 135 East 57th Street, 29th Floor New York, NY 10022. AP is the company distributing and broadcasting the Infringing Work, and at all relevant times was doing and transacting business within the State of New York.

17. Defendant Solana Rowe p/k/a SZA ("SZA"), is an individual, performing artist and a songwriter who, upon information and belief, is a citizen of the United States and a resident of the State of California. SZA is one of the songwriters who was listed as a co-writer of the Infringing Work, and at all relevant times was doing and transacting business within the State of New York.

18. Defendant Navadius Wilburn p/k/a Future ("Future"), is an individual, performing artist and a songwriter who, upon information and belief, is a citizen of the United States and a resident of the State of Georgia. Future is one of the songwriters who was listed as a co-writer of the Infringing Work, and at all relevant times was doing and transacting business within the State of New York.

19. Defendant Jahmal Gwin ("Gwin"), is an individual, performing artist and a songwriter who, upon information and belief, is a citizen of the United States and a resident of the State of Illinois. Gwin is one of the songwriters who was listed as a co-writer of the

Infringing Work, and at all relevant times was doing and transacting business within the State of New York.

20. Defendant Jahaan Sweet ("Sweet"), is an individual, performing artist and a songwriter who, upon information and belief, is a citizen of the United States and a resident of the State of Florida. Sweet is one of the songwriters who was listed as a co-writer of the Infringing Work, and at all relevant times was doing and transacting business within the State of New York.

21. Defendant Nima Jahanbin ("Jahanbin"), is an individual, performing artist and a songwriter who, upon information and belief, is a citizen of the United States and a resident of the State of California. Jahanbin is one of the songwriters who was listed as a co-writer of the Infringing Work, and at all relevant times was doing and transacting business within the State of New York.

22. Defendant Edgar Panford ("Panford"), is an individual, performing artist and a songwriter who, upon information and belief, is a citizen of the United States and a resident of the State of California. Panford is one of the songwriters who was listed as a co-writer of the Infringing Work, and at all relevant times was doing and transacting business within the State of New York.

23. Defendants "John Doe Entities" 1 - 10 are corporations, partnerships and/or limited liability companies whose identities are currently unknown, but have infringed Plaintiffs' copyright in the Original Work in direct violation and contravention of 17 U.S.C. §§ 101 *et seq.* and 106 *et seq.* The identity of these entities will become known with discovery.

24. Defendants "John Does" 1 - 10 are individuals whose identities are currently unknown, but who have infringed Plaintiffs' copyright in the Original Work in direct

violation and contravention of 17 U.S.C. §§ 101 *et seq.* and 106 *et seq.* The identity of these individuals will become known with discovery.

## FACTUAL BACKGROUND

25. In November of 2019, Kanye West invited Plaintiff to write music for him by providing Plaintiff Victory Boyd with some chords and melodies that he liked. Plaintiff then wrote the lyrics by herself, then completed and published a demo entitled "Like the Way it Sounds" ("Original Work"). In November of 2019, Plaintiff shared the Original Work with Kanye West. Plaintiff did not write, create or intend to write or create the Original Work with Defendant Jahmal Gwinn or any other Defendants.[1]

26. In November 2019, Kanye West, in a discussion with Plaintiff Victory Boyd, indicated that he wanted Plaintiff Victory Boyd to write "all of the lyrics" for his "entire album" that was going to be released after the "Jesus is King" album. The "Jesus is King" album was released in October of 2019, consequently, Kanye West intended for Plaintiff Victory Boyd to write all of the lyrics to the album she was working on with him in 2019.

27. Specifically, Kanye West told Plaintiff Victory Boyd that he wanted "every song to be at the lyrical and spiritual level of 'Closed on Sunday' and 'God Is.'" "Closed on Sunday" and "God Is" are two songs that were written by Plaintiff Victory Boyd and featured on Kanye West's album, "Jesus Is King." Defendant Jahmal Gwinn was not a writer, producer or collaborator on "Closed on Sunday" or "God Is."

---

[1] Counsel for several defendants including Defendant Travis Scott and Defendant Jahmal Gwinn served Plaintiff's counsel with a notice of intent to file a motion for Rule 11 sanctions based on assertions that Plaintiff created the Original Work in collaboration with Defendant Jahmal Gwinn, Kanye West and Defendant Travis Scott, among others. Plaintiff refutes this assertion. This assertion has also been publicly refuted by Kanye West in various press and media outlets, as discussed in paragraph 44 of this Amended Complaint.

28. In November of 2019, after Plaintiff created the Original Work, Plaintiff recorded the Original Work in a voice note and shared the Original Work with Kanye West.

29. Upon information and belief, Kanye West planned to release a song entitled, "Future Bounce," then renamed "Future Sounds," and then finally renamed "Ultrasounds." All versions of these renamed songs were based on and copied the Plaintiff's Original Work.

30. In 2021, Kanye West released his album, "Donda," but did not release "Future Bounce," "Future Sounds" or "Ultrasounds."

31. The Original Work is copyrighted and registered with the Library of Congress under registration numbers SR 986-420 and PAu004267233.[2]

32. Plaintiff is the lawful proprietor of all rights, title and interest in and to the copyrighted Original Work.

33. The substantial, salient and original aspects of the Original Work, copyrightable under the Act and the laws of the United States, are as follows:

   a. The words, "I can see the future is looking like we level through the sky, I can't wait to live in glory of eternal paradise, won't you wash my sins and write my name inside the book of life- might as well turn up now, He gone pop up unannounced, hear the trumpets, do you like the way it sounds?" sang in a specific melody created by Plaintiff.

   b. The words, "down payment all in my account, uh, gonna wear the crown, holy ghost falling on the crowds, we gone see him coming in the clouds, do you like the way it sounds, choir singing so loud, caping Jesus I'm sold out, miracles wash away the

---

[2] Attached here as Exhibit A, printout from the Copyright Public Records System of both copyright registrations.

doubts, drum line drops, do you like the way it sounds?" sang in a specific melody created by Plaintiff.

c. The substantial, salient and original aspects of the Original Work referenced in Paragraph 28 a-d, shall herein be referenced as Plaintiff's Lyrics.

34. Upon information and belief, Kanye West played the Original Work for Scott.

35. Plaintiff then left the Original Work in a studio in Wyoming.

36. Upon information and belief, Scott gained access to the studio Plaintiff left the Original Work in and began creating the Infringing Work off of the Original Work.

37. Upon information and belief, in May of 2023 Scott shared the Original Work with Sza and Future and requested that they collaborate in creating the Infringing Work.

38. Upon information and belief, in May of 2023, Scott, Sza and Future agreed to create the Infringing Work by copying Plaintiff's Original Work.

39. Upon information and belief, Scott, Sza and Future intentionally and willfully copied Plaintiff's Original Work, specifically Plaintiff's Lyrics and Melody, when they created the Infringing Work in May of 2023.

40. On July 28, 2023 the Defendants commercially released the Infringing Work, entitled "Telekenesis,"

41. Upon information and belief, in 2023 Scott, Sza, Future and all Defendants intentionally and willfully copied Plaintiffs' Original Work, specifically Plaintiff's Lyrics, when they commercially released the Infringing Work.

42. On July 28, 2023, when the Defendants commercially released the Infringing Work, the Defendants credited Plaintiff as a co-writer in the meta-data provided to digital streaming platforms.

43. Unaware that her Original Work was copied and commercially released by Defendants, Plaintiff planned to finish working on her Original Work and commercially release it through her recording agreement with RocNation.

44. Kanye West has corroborated Plaintiffs' allegations in recent interviews by asserting that Defendant Travis Scott took "Future Bounce" from his ranch in Wyoming, removed his vocals and released the song without him knowing.[3]

45. In November 2023, AP, aware that the Infringing Work was a copy of the Original Work, contacted Plaintiff to obtain her permission to commercially exploit the Infringing Work. However, with no communication from any of the other Defendants on an agreement and with no permission from Plaintiff to any Defendants to use Plaintiff's Original Work, Plaintiff declined to give permission to AP to use the Infringing Work.

46. On December 1, 2023, Plaintiff's publishing administrator, Kobalt Publishing, under the direction of the Plaintiff, declined to give AP permission because the Defendants were never granted permission to use the Original Work in creating or exploiting the Infringing Work.

47. Upon information and belief, all of the Defendants gave permission to AP to publish, promote and monetize the Original Work in the form of commercials and social media campaigns.[4]

48. On December 1, 2023, Plaintiff's representative gave all Defendants notice that Plaintiff objected to the planned broadcast of the Infringing Work.

---

[3] "…took four of my songs from the ranch in Wyoming," he explained. "My choruses, my exact singing lines — replace me with him, or put Future, SZA on the joints. With no explanation, the s–t just comes out."- Kanye West in Billboard Magazine, March 31, 2025 https://www.billboard.com/lists/kanye-west-interview-dj-akademiks-2025/ye-never-wanted-to-have-kids-with-kim-kardashian/

[4] Counsel for AP has communicated to Plaintiffs that Defendant Travis Scott specifically assured AP that Defendant Travis Scott had the rights and permission to publish the Original Work even though Plaintiff Victory Boyd had already refused to allow AP to use the Original Work.

49. On December 4, 2023, the Defendants and AP partnered to publish and commercially release an advertising campaign broadcasting the Infringing Work over the Plaintiff's objection.

50. The Infringing Work copies various elements of the Original Work, including but not limited to the lyrics. Thus, Plaintiff brings this action for copyright infringement under 17 U.S.C. §101, 501 et seq., arising from the Defendants' unauthorized reproduction, distribution and/or public performance of the Infringing Composition.

51. As a result, every copy of each of the various versions of the Infringing Work infringe the Original Work, as do any downloads, streams or music videos of "Telekinesis."

52. Likewise, every time Scott, Sza or Future performed or performs "Telekenesis" in concert, Defendants have infringed the copyright of Plaintiff's Original Work. Upon information and belief, including www.setlist.fm, Scott has performed "Telekinesis" at least 145 times since July 27, 2023 and at least 115 times since December 12, 2023.

53. The Infringing Work has been certified Platinum in several territories throughout the world and continues to exist as a successful single on music streaming, download and sales platforms.

54. The Infringing Work copies the Original Work, as the lyrics to the Infringing Work are as follows:

   a. The words, "I can see the future is looking like we level through the sky, I can't wait to live in glory in eternal lasting life, won't you take the wheel and I recline and I sit still- might as well turn up now, He gone pop up unannounced, hear the trumpets, do you like the way it sounds?"

55. The substantial, salient and original aspects of the Infringing Work referenced in Paragraph 51 a-d are repeated in the Infringing Work and are the predominant, prominent and the only recognizable characteristic of the Infringing Work.

56. The lyrics referenced in Paragraph 51 a-d are lyrics from the Infringing Work that are directly copied from the Plaintiffs' Lyrics in the Original Work and comprise the chorus or "hook" of the Infringing Work.

57. The substantial, salient and original aspects of the Original Work, copyrightable under the Act and the laws of the United States that are copied by the Infringing Work are not in dispute, as Defendants have recently attempted to credit Plaintiff as an 8% writing contributor to the Infringing Work.

58. Upon information and belief, the Defendants were notified of the infringement at least prior to July 27, 2023. Upon information and belief, despite receiving notice, the Defendants decided to exploit Plaintiffs' Original Work without permission in commercially releasing and broadcasting the Infringing Work, which constitutes copyright infringement.

59. To date, each of the Defendants reproduced, distributed, publicly performed, and/or authorized the reproduction, distribution and public performance of the infringing composition and sound recording "Telekinesis" and each of the Defendants continues to infringe Plaintiff's Original Work.

## AS FOR A FIRST CAUSE OF ACTION

**(Actual Damages for Copyright Infringement Against All Defendants)**

60. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

61. Plaintiff is the sole and lawful proprietor of all rights, title and interest in and to the copyrighted Original Work.

62. Defendants had access to the Original Work by virtue of the Original Work being in a studio shared by Kanye West and available via drafts provided by Kanye West.

63. Defendant AP published and broadcasted the Infringing Work on December 4, 2023, after the Infringing Work had been published by all other Defendants.

64. Defendants, without Plaintiff's authorization, knowledge or consent, willfully infringed on Plaintiff's Original Work by causing to be written, produced, and broadcasted a derivative work entitled "Telekinesis"-the Infringing Work--which is substantially similar to Plaintiff's Original Work.

65. Defendant AP published and broadcasted the Infringing Work after seeking consent from the Plaintiff and being noticed that Plaintiff would not grant permission.

66. Accordingly, Defendants have infringed Plaintiffs' copyright in the Original Work in direct violation and contravention of 17 U.S.C. §§ 101 *et seq.* and 106 *et seq.*

67. By reason of the foregoing, Plaintiffs are entitled to actual damages and profits pursuant to 17 U.S.C. § 504(b) in an amount to be determined at trial.

## AS FOR A SECOND CAUSE OF ACTION

**(Statutory Damages for Copyright Infringement against all Defendants)**

68. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

69. Plaintiff is the sole and lawful proprietor of all rights, title and interest in and to the copyrighted Original Work.

70. Defendants had access to the Original Work by virtue of the Original Work being in a studio shared by Kanye West and by virtue of Kanye West playing the Original Work for Defendant Travis Scott.

71. Defendants also had access to the Original Work by virtue of the Original Work being shared and copied by Kanye West.

72. Defendants also had access to the Original Work by virtue of Defendant Travis Scott sharing the Original Work.

73. Defendants, without Plaintiff's authorization, knowledge or consent, willfully infringed on Plaintiff's Original Work by causing to be written, produced, and broadcasted a derivative work entitled "Telekinesis"-the Infringing Work--which is substantially similar to Plaintiff's Original Work.

74. Accordingly, Defendants have infringed Plaintiff's copyright in the Original Work in direct violation and contravention of 17 U.S.C. §§ 101 *et seq.* and 106 *et seq.*

75. Plaintiff's Original Work was registered on December 12, 2023 and June 20, 2025. Defendants first commercially released, published and broadcast the Infringing Work on December 4, 2023.

76. By reason of the foregoing, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c)(1), in an amount not less than $750 or more than $30,000 per broadcast of the Infringing work as statutory damages pursuant to 17 U.S.C. §504(c)(1), and the sum of $150,000 per broadcast of the Infringing Work as additional statutory damages pursuant to 17 U.S.C. §504(c)(2).

## AS FOR A THIRD CAUSE OF ACTION

### (Accounting against all Defendants)

77. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

78. Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to recover all of Defendants' profits attributable to their acts of infringement.

79. Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to recover actual damages sustained by virtue of Defendants' acts of infringement.

80. The amount of money due from Defendants is presently unknown to Plaintiff and cannot be ascertained without a detailed accounting by Defendants of all profits obtained from their marketing, distribution, and national television broadcasting of the Infringing Work.

## AS FOR A FOURTH CAUSE OF ACTION

### (Attorney's Fees and Costs as to Defendant Jacques Bermon Webster II p/k/a Travis Scott and Defendant Audemars Piguet)

81. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

82. Plaintiffs are the sole and lawful proprietor of all rights, title and interest in and to the copyrighted Original Work.

83. Defendants Scott and AP had access to the Original Work by virtue of the Original Work being published, accessible and reviewed by Defendants.

84. Defendant Scott took the Original Work from a studio without permission or authorization and then released a derivative Infringing Work. Defendant AP was aware and provided with formal notice of Plaintiffs' refusal to provide authorization to use the Original Work, yet, persisted with releasing the Infringing Work.

85. Defendants, without Plaintiffs' authorization, knowledge or consent, willfully infringed on Plaintiffs' Original Work by causing to be written, produced, and broadcasted a derivative work entitled "Telekinesis"-the Infringing Work--which is substantially similar to Plaintiff's Original Work.

86. Accordingly, Defendants have infringed Plaintiff's copyright in the Original Work in direct violation and contravention of 17 U.S.C. §§ 101 *et seq.* and 106 *et seq.*

87. By reason of the foregoing, Plaintiff respectfully requests the recovery of all costs as well as attorneys' fees in connection with the prosecution of this case pursuant to 17 U.S.C. § 505.

## AS FOR A FIFTH CAUSE OF ACTION

### (Preliminary Injunction)

88. Plaintiff restates and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

89. Plaintiff is the sole and lawful proprietor of all rights, title and interest in and to the copyrighted Original Work.

90. Defendant Scott had access to the Original Work by virtue of the Original Work being shared with Defendant Scott by Kanye West.

91. Defendants, without Plaintiff's authorization, knowledge or consent, willfully infringed on Plaintiff's Original Work by causing to be written, produced, and broadcasted "Telekinesis"-the Infringing Work--which is substantially similar to Plaintiff's Original Work.

92. Accordingly, Defendants have infringed Plaintiff's copyright in the Original Work in direct violation and contravention of 17 U.S.C. §§ 101 *et seq.* and 106 *et seq.*

93. Plaintiff will incur substantial and irreparable injury if Defendants' are allowed to continue their infringement of the Original Work pending the resolution of this action.

94. By reason of the foregoing, Plaintiff is entitled to a preliminary and permanent injunction pursuant to 17 U.S.C. § 502 enjoining and restraining Defendants from further infringement or broadcast of Plaintiff's copyrighted Original Work.

## AS FOR A SIXTH CAUSE OF ACTION

**(Third-Party Copyright Infringement against Audemars Piguet)**

95. Plaintiff restates and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

96. Defendants have used and exploited Plaintiffs' Original Work without Plaintiffs' Authorization.

97. Defendants' use of the Original Work exceeds the scope of any license allegedly granted by any other Defendant.[5]

---

[5] In Defendants' letter to Plaintiff threatening Rule 11 sanctions, Defendants imply that one of the Defendants had the right to grant Defendant Travis Scott the right to use the Plaintiffs' Original Work. Plaintiff maintains that she did not collaborate and did not intend to collaborate with any of the Defendants on the creation of the Original Work.

98. Defendants' actions constitute copyright infringement under 17 U.S.C. § 501.

99. Plaintiffs are entitled to damages, including actual damages, profits and statutory damages under 17 U.S.C. § 504.

## AS FOR A SEVENTH CAUSE OF ACTION

### (Declaratory Judgment)

100. Plaintiff restates and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

101. An actual controversy exists between Plaintiffs and Defendants regarding the ownership and authorship of the Original Work.

102. Defendants assert that Defendants are a co-author of the Original Work and that the Original Work constitutes a "joint work."

103. Plaintiffs dispute this assertion and seek a declaratory judgment clarifying the ownership and authorship rights in the Original Work.

104. Plaintiffs further seek a declaration that any license granted by Defendants to other Defendants or third-parties is invalid and unauthorized.

**WHEREFORE**, the Plaintiff respectfully request this Court to enter a judgment against the Defendants for their willful writing, producing, and broadcasting in theatres a derivative work entitled "Telekinesis"- the Infringing Work-which is substantially similar to Plaintiffs' Original Work which resulted in, and continues to result in, injuries to Plaintiff. Accordingly, Plaintiff respectfully requests that this Court:

a. Issue a preliminary and permanent injunction against the Defendants, and all others in active concert or participation with Defendants, from further broadcast of the Infringing Work or other infringement of Plaintiff's protected copyrighted Original Work;

b. Order the Defendants to recall and destroy all copies of the Infringing Work or any other derivatives of Plaintiff's Original Work, in whatever form they may exist;

c. Order Defendants to pay Plaintiff an amount to be determined at trial in actual damages and profits, plus interest, pursuant to 17 U.S.C. §504(b), the exact amount to be determined at trial;

d. Order Defendants to pay Plaintiff not less than $750 or more than $30,000 per broadcast of the Infringing work as damages pursuant to 17 U.S.C. §504(c)(1);

e. Order Defendants to pay Plaintiff the sum of $150,000 per broadcast of the Infringing Work as additional statutory damages pursuant to 17 U.S.C. §504(c)(2);

f. Order Defendants to pay Plaintiff both the costs of this action and the reasonable attorneys' fees incurred by Plaintiff in prosecuting this action pursuant to 17 U.S.C. §505;

g. Order the imposition of a constructive trust over Defendants' profits which resulted from their infringement of Plaintiffs' Original Work;

h. Order that Defendants to provide Plaintiff a full and complete accounting of all profits obtained from their marketing, distribution, and national television broadcasting of the Infringing Work and any other amounts due and owing to Plaintiff as a result of Defendants' infringement; and

i. Grant Plaintiff such other and additional relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands that this proceeding be tried to a jury.

Dated: June 30, 2025

    Brooklyn, NY

By:     /ss/Keith White    

*Attorneys for Plaintiffs*