UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
VICTORY BOYD and THE SONGS OF GLORY, :
             :  CASE NO. 1:25-cv-00181-MKV
      Plaintiffs,   :
             :
  -v-           :
             :
JACQUES BERMON WEBSTER II p/k/a  :
TRAVIS SCOTT, CACTUS JACK RECORDS, :
LLC, CACTUS JACK PUBLISHING, LLC,  :
EPIC RECORDS, SONY MUSIC    :
ENTERTAINMENT, SONY MUSIC   :
PUBLISHING, AUDEMARS PIGUET,   :
SOLANA ROWE p/k/a SZA, NAVADIUS  :
WILBURN p/k/a FUTURE, JAHMAL GWIN, :
JAHAAN SWEET, NIMA JAHANBIN, EDGAR :
PANFORD, "JOHN DOE ENTITIES" 1-10 and :
"JOHN DOES" 1-10,      :
             :
      Defendants.   :
             :
------------------------------------------------------------x


**MEMORANDUM OF LAW OF DEFENDANTS JACQUES BERMON
WEBSTER II P/K/A TRAVIS SCOTT, CACTUS JACK RECORDS, LLC,
CACTUS JACK PUBLISHING, LLC, SONY MUSIC ENTERTAINMENT,
SONY MUSIC PUBLISHING (US) LLC,
SOLANA ROWE P/K/A SZA, NAYVADIUS DEMUN CASH P/K/A FUTURE,
AND JAHMAL GWIN P/K/A BOOGZDABEAST IN SUPPORT OF
<u>MOTION TO DISMISS</u>**

Defendants Jacques Bermon Webster II p/k/a Travis Scott ("Webster"), Cactus Jack Records, LLC ("CJR"), Cactus Jack Publishing LLC ("CJP"), Sony Music Entertainment ("SME"), Sony Music Publishing (US) LLC ("SMP"), Solana Rowe p/k/a SZA ("Rowe"), Nayvadius DeMun Cash p/k/a Future ("Cash")[1], and Jahmal Gwin p/k/a BoogzDaBeast ("Gwin") (collectively, "Defendants") respectfully submit this memorandum of law in support of their Motion to Dismiss ("Motion") the Second Amended Complaint ("SAC") (ECF No. 46) of Plaintiffs Victory Boyd ("Boyd") and The Songs of Glory (collectively, "Plaintiffs").

---

[1] Erroneously sued herein as Navadius Wilburn p/k/a Future.

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

<u>INTRODUCTION</u> ................................................................-1-

<u>FACTUAL SUMMARY</u> ...................................................-4-

<u>LEGAL ARGUMENT</u>......................................................-8-

A.    <u>THE LEGAL STANDARD</u>.............................................-8-

B.    <u>WITH RESPECT TO THE FIRST COPYRIGHT
      REGISTRATION, PLAINTIFFS FAIL TO STATE A
      VALID CLAIM FOR COPYRIGHT INFRINGEMENT,
      DUE TO CONTRADICTORY ALLEGATIONS OF
      AUTHORSHIP; THEY CANNOT INITIATE OR
      MAINTAIN THIS ACTION BASED ON AN INVALID
      COPYRIGHT REGISTRATOIN.</u> ...............................-10-

C.    <u>THE SECOND REGISRATION IS ALSO INVALID
      BECAUSE PLAINTIFF BOYD CANNOT INITIATE
      OR MAINTAIN THIS ACTION BASED ON AN INVALID
      AND UNTIMELY REGISTRATION FOR LYRICS
      ALONE</u>.....................................................-14-

D.    <u>PLAINTIFFS' ACCOUNTING CLAIM IS PREEMPTED
      BY THE COPYRIGHT ACT</u>.......................................-17-

      i.    <u>Sound Recordings And Musical Works Fall Within
            The Subject Matter Of Copyright</u>....................................-17-

      ii.   <u>The Rights Being Asserted By Plaintiffs Regarding
            Their Claim For Accounting Are Equivalent To
            The Exclusive Rights Within The Scope Of
            Copyright</u> .............................................................-18-

<u>CONCLUSION</u> ... ..............................................................-21-

## <u>TABLE OF AUTHORITIES</u>

<u>PAGE(S)</u>

## <u>CASES</u>

16 Casa Duse, LLC v. Merkin,
   791 F.3d 247 (2d Cir. 2015)...............................................................-14-

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) .........................................................................-9-

Baiul v. NBC Sports,
   708 F. App'x 710 (2d Cir. Sept. 7, 2017) ..........................................-19-

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) .................................................................-8-, -9-

Childress v. Taylor,
   945 F.2d 500 (2d Cir. 1991)..............................................................-14-

Eckes v. Card Prices Update,
   736 F.2d 859, 861 (2d Cir. 1984)...............................................-10-, -11-

Edward B. Marks Music Corp. v. Jerry Vogel Music Co.,
   140 F.2d 266 (2d Cir. 1944)..............................................................-14-

Elliott v. Cartagena,
   2025 U.S. Dist. LEXIS 26160, at *32 – 37 (S.D.N.Y. 2025)..................-17-, -20-

Fischer v. Forrest,
   968 F.3d 216, 220 (2d Cir. 2020).......................................................-16-

Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC,
   586 U.S. 296 (2019) .......................................................................-10-

Gasery v. Kalakuta Sunrise, LLC,
   422 F. Supp. 3d 807, 819 (S.D.N.Y. 2019)........................................-20-

Jackson v. Roberts (In re Jackson),
   972 F.3d 25 (2d Cir. 2020)................................................................-19-

Levine v. Landy,
   832 F. Supp. 2d 176 (N.D.N.Y. 2011) ....................................................... -19-, -20-

Margo v. Weiss,
   1997 U.S. Dist. LEXIS 20867, 1998 WL 2558, *9 (S.D.N.Y. 1998)................-20-

McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.,
   No. 22 Civ. 1138 (GHW), 2023 U.S. Dist. LEXIS 141085,
   2023 WL 5211054, at *10 (S.D.N.Y. Aug. 13, 2023) ......................................-19-

Membler.com LLC v. Barber,
   2013 U.S. Dist. LEXIS 135862, 2013 WL 5348546, at *26 (E.D.N.Y. 2013) .-20-

Mills v. Cottrell,
   No. 04 Civ. 5562, 2006 U.S. Dist. LEXIS 90111,
   2006 WL 3635325, at *15 - 16 (S.D.N.Y. Dec. 8, 2006) ..................................-20-

MLGenius Holdings LLC v. Google LLC,
   No. 20-3113, 2022 U.S. App. LEXIS 6206, at *3-4 (2d Cir. Mar. 10, 2022) ...-18-

Morris v. Business Concepts, Inc.,
   259 F.3d 65 (2d Cir. 2001).................................................................................-10-

Murphy v. Murphy,
   No. 20-CV-2388-JRC,
   2025 U.S. Dist. LEXIS 59431, at *26 (E.D.N.Y. Mar. 30, 2025) .....................-16-

Neitzke v. Williams,
   490 U.S. 319 (1989) ...........................................................................................-9-

Palmer/Kane LLC v. Rosen Book Works LLC, 1
   88 F. Supp. 3d 347 (S.D.N.Y. 2016)..................................................................-11-

Pani v. Empire Blue Cross Blue Shield,
   152 F.3d 67 (2d Cir. 1998).................................................................................-9-

Russ Berrie & Co. v. Jerry Elsner Co.,
   482 F. Supp. 980, (S.D.N.Y. 1980)...................................................................-12-

S. Credentialing Support Servs., L.L.C. v. Hammond Surgical Hosp., L.L.C.,
   946 F.3d 780 (5th Cir. 2020)........................................................................ -2-, -16-

Thomson v. Larson,
   147 F.3d 195, 206 (2d Cir. 1998)........................................................................-21-

Tuff-n-Rumble Management, Inc. v. Sugarhill Music Publ'g Inc.,
   49 F. Supp. 2d 673 (S.D.N.Y. 1999).....................................................................-10-

Yurman Design Inc. v. Chaindom Enter., Inc.,
   No. 99 Civ 9037 (JFK), 1999 U.S. Dist. LEXIS 18382,
   1999 WL 1075942, at *5 (S.D.N.Y. Nov. 29, 1999) .........................................-10-

Yurman Design Inc. V. PAJ, Inc.,
   262 F.3d 101 (2d Cir. 2001)...............................................................................-10-

## STATUTES

17 U.S.C. § 102(a)(2) ............................................................................................-14-
17 U.S.C. § 106 .....................................................................................................-19-
17 U.S.C. § 201(a) .................................................................................................-21-
17 U.S.C. § 301(a) .......................................................................................-17-, -18-
17 U.S.C. § 411(b)(1).............................................................................................-12-
17 U.S.C. § 412 .......................................................................................................-2-

## OTHER AUTHORITIES

M. Nimmer & D. Nimmer, 2 Nimmer on Copyright § 7.20[B][1],
   at 7-214.7 - 7-214.8 (2020)................................................................................-11-

## INTRODUCTION

Plaintiffs' SAC suffers from the same fatal deficiencies as Plaintiffs' predecessor complaints, and must be dismissed as a matter of law. Plaintiffs attempt to plead a claim for copyright infringement on the basis of two separate copyright registrations filed on behalf of Boyd, both of which attempt to register lyrics that Boyd allegedly wrote in connection with a song on which she collaborated with Kanye West. At its core, the SAC asserts that Boyd is the **sole** author and copyright owner of the so-called "original work" *Like The Way It Sounds* ("LTWIS"); yet, Plaintiffs simultaneously plead facts that undermine that assertion.

Boyd's first copyright registration (SR0000986420)[1] is invalid due to knowing misstatements of sole authorship in respect of a collaborative work, which would have resulted in the Copyright Office's rejection of the application. Plaintiffs concede that Kanye West created, and provided Boyd with, the foundational musical elements of the LTWIS song, including the chords, beat, and melodic material; however, she nonetheless registered the music and lyrics (and sound recording) with the U.S. Copyright Office, **as 100% her own creation**. This renders the first copyright registration invalid.

---

[1] While this registration is a "SR" or "sound recording" registration, through which Plaintiff Boyd attempts to register the recording and composition, only compositional elements are at issue in this case.

The second copyright registration (PAu004267233), dated June 20, 2025, fares no better. Here, Boyd attempts to register the **lyrics** (only) as if they, alone, were a separate work (*e.g.*, a poem); however, the SAC clearly indicates that the lyrics were intended to be part of a song that Boyd collaborated with Mr. West to create. As a matter of law, lyrics cannot be copyrighted as a standalone work when created in tandem with, or as part of, an inseparable musical composition.

Notably, the sound recording that Boyd deposited with the U.S. Copyright Office in connection with her first registration, which amounts to a "demo" for *Telekinesis*, undermines the validity of that registration and Boyd's claims of sole authorship because, among other things, it includes elements authored by individuals other than her (including elements authored by certain Defendants). As a result, Boyd's second copyright registration is also invalid.[2]

The absence of a valid copyright registration precludes Plaintiffs' suit for copyright infringement (and all associated claims for relief), and further strips the Court of jurisdiction over this matter in its entirety.

---

[2] Even assuming *arguendo* that the second registration is valid, because it did not exist at the time that this action was filed, Plaintiff is precluded from seeking statutory damages or attorneys' fees. "A plaintiff cannot recover statutory damages, and sometimes more importantly, attorney's fees, for 'any infringement' a defendant commences before the plaintiff registered the copyright. 17 U.S.C. § 412. That limitation encourages authors to register their works quickly, allowing potential infringers to readily determine whether a work is protected." S. Credentialing Support Servs., L.L.C. v. Hammond Surgical Hosp., L.L.C., 946 F.3d 780, 782 (5th Cir. 2020).

Next, Plaintiff's claim for an accounting (Claim Three) is preempted by the Copyright Act. This claim is based entirely on rights equivalent to those protected by federal copyright law, and seek no relief beyond what is available under the Copyright Act itself. As courts in this District have repeatedly held, such a claim is barred under 17 U.S.C. Section 301, and must be dismissed as a matter of law.

If compelled to proceed in this litigation, Defendants are confident that the facts will eventually bear out that Travis Scott's *Telekinesis* does not infringe any copyright rights of Plaintiffs. Boyd's claims with respect to her sole authorship of the LTWIS musical work (which are demonstrably false), and therefore her claims of sole ownership of the *copyright* therein and thereto, are directly contradicted by the facts (as pled in the SAC) and applicable case law.

More specifically, to the extent that Plaintiffs' SAC survives this Motion (which it should not), the facts will demonstrate that Defendants' use, if any, of the LTWIS work was duly authorized by Mr. West, as a joint author of the LTWIS work, having the right and authority to authorize such use; or alternatively, that Ms. Boyd intended to collaborate with Mr. West and Defendants Webster, Gwin, Rowe and Cash in the creation of *Telekinesis*, and that her claims are accordingly unfounded. Indeed, as Plaintiffs' claims of sole authorship of the LTWIS musical work are directly contradicted by the facts (including those plead in the SAC), and as Plaintiffs fail to otherwise allege a basis for sole ownership of the LTWIS work,

the SAC fails to establish that Plaintiffs alone had the right to authorize any use of the LTWIS work by Defendants and that Defendants' use was unauthorized.

For these reasons, the Second Amended Complaint should be dismissed in its entirety under Rule 12(b)(6).

## **FACTUAL SUMMARY**

Plaintiffs' recitation of the facts is notably sparse. Plaintiffs allege that Boyd independently authored LTWIS, a musical composition that she registered (along with a sound recording) on December 12, 2023. SAC ¶¶ 31, 61, **Exh. A**. However, Plaintiffs simultaneously allege that this work was created after Kanye West "provided Plaintiff with chords and melodies," and that Boyd "then wrote the lyrics." Id. ¶ 25. This is in direct contradiction to the first copyright registration that Boyd filed with the U.S. Copyright Office. Id. **Exh. A**, pp. 1-2.

Plaintiffs attach as Exhibit A to the SAC, a printout from the Copyright Public Records System website of the record of Boyd's purported first copyright registration of the LTWIS work (Registration No. SR0000986420). Id. **Exh. A**, pp. 1 -2. That record notes a publication date of July 28, 2023, and a registration date of December 12, 2023. Under "Authorship," the record states: "Victory Boyd; Citizenship: United States. Authorship: Sound Recording and Musical Work (with or without lyrics)." No other author is listed. Id.

Importantly, under "Copyright Note," the record states: "Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) **The work must be created by one individual**; 3) **All of the material contained within the work must be created by the same individual**; 4) The author and the owner of the work must be the same person, and that person must own all of the rights in the work; 5) The work cannot be a work made for hire." Id. (emphasis added)[3]

Despite this clear notice that a work may only be registered in a single application if all material is created, authored, and owned by one individual, Boyd nonetheless submitted the application knowing very well that she was not the sole author of all of the material concerned.  Id. ¶¶ 31, 61, **Exh. A**, pp. 1 - 2.  Plaintiffs assert in the SAC: "In November of 2019, Kanye West invited Plaintiff to write music for him by **providing Plaintiff Victory Boyd with some chords and melodies that he liked.**  Plaintiff then wrote the lyrics by herself, then completed and published **a demo** entitled 'Like the Way it Sounds' ('Original Work')." Id. ¶ 25.

---

[3] Indeed, the audio of the sound recording deposited with the U.S. Copyright Office consists of a beat over which Boyd sings.  Request For Judicial Notice, **Exh. 1**.

Nowhere in the SAC does Boyd allege that she was the creator and sole author of the instrumental beat or any of the music accompanying the lyrics that she sings.  Indeed, she was not, and the SAC confirms the same.  Plaintiffs' contention that they are the sole and lawful owners of all right, title and interest in and to the "Original Work" is directly undermined by these contradictory pleadings, and the SAC fails to otherwise allege any facts to support a finding that Plaintiffs acquired any of Mr. West's interests in the LTWIS song.  But even assuming *arguendo* that Plaintiffs' contention respecting sole ownership is true and accurate, it does not (i) negate Boyd's false assertion of sole *authorship* or (ii) support her application for the first registration, which would have required, among other things, that the author **and** owner of all the material concerned be one, and the same, individual.  Accordingly, by Plaintiffs' own admission, the U.S. Copyright Office registration is inaccurate; and Boyd was aware that it was inaccurate when she applied for it and knowingly made false statements in connection with securing it.  Id.

Boyd's inclusion of the "demo" as the deposit copy accompanying her registration reinforces the existence of the inaccuracies in the registration and highlights the fact that she attempted to secure the LTWIS registration, solely in her name, knowing full well that she was not the sole author of all the material concerned.  Plaintiffs acknowledge in the SAC that the "demo" embodies

contributions made by individuals other than Boyd.  SAC, ¶ 25.  Yet, Boyd seeks to use the "demo" as a record of, and to identify, protectible material for which she alleges she is the sole author and creator.

Plaintiffs' SAC now pleads that, on June 20, 2025, Boyd filed a second copyright registration (PAu004267233).  This second registration (as understood in the context of the SAC, *see* ¶¶ 31 - 33(a) - (c)) **seeks to register the lyrics alone**, in an improper manner.  This June 20, 2025 registration is similarly invalid, and also fails to support Plaintiffs' ability to bring and maintain this suit.

Under "Authorship," the copyright registration identifies, "lyrics."  Taken together with paragraphs 31 - 33(a) - (c) of the SAC, it is evident that this second copyright registration attempts to register the LTWIS **lyrics** separate and apart from the underlying LTWIS music, ostensibly in acknowledgement of the fact that Boyd made contributions to the lyrics (only), and not the music, comprising the LTWIS musical work, and that, accordingly, her first registration was inherently inaccurate.  Even still, lyrics cannot be registered separately when they accompany music and form part of a unitary musical work; nor can lyrics be registered independently from music in a registration for a musical work or work of performing arts (i.e., in a "PA" registration).[4]

---

[4] The second registration suffers from other inaccuracies.  A "PAu" registration seeks to register an unpublished musical work or performing arts work.  It is unclear how the composition can be *unpublished* as of June 20, 2025, when Boyd

Plaintiffs filed their original Complaint on January 8, 2025.  On April 26, 2025, Plaintiffs filed their First Amended Complaint.  On June 30, 2025, Plaintiffs filed the SAC.  The SAC asserts jurisdiction pursuant to 28 U.S.C. Sections 1331, 1338(a), and 1367(a), on the basis that federal courts have original jurisdiction over actions based on the Copyright Act of 1976.  Id. ¶ 6.  The SAC includes seven claims for relief: (1) Actual Damages for Copyright Infringement; (2) Statutory Damages for Copyright Infringement; (3) Accounting; (4) Attorney's Fees and Costs; (5) Preliminary Injunction; (6) Third-Party Copyright Infringement against Audemars Piguet; (7) Declaratory Relief regarding the ownership of the LTWIS. Id. ¶¶ 60-112.

## LEGAL ARGUMENT

### A.    THE LEGAL STANDARD

To survive a motion to dismiss, the facts alleged in the complaint must be sufficient to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the

---

also alleges that the same composition underlies, and is embodied in, the *Telekinesis* sound recording, which was published on June 28, 2023.  This designation as "unpublished" is also inconsistent with her own first registration, which indicated a publication date of July 28, 2023.

misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  At minimum, the allegations must "raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555.  A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." <u>Id</u>. at 558; <u>see also id</u>. at 557 (where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft</u>, 556 U.S. at 678.  "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989).  Dismissal under Rule 12(b)(6) is proper where an affirmative defense "appears on the face of the complaint." <u>Pani v. Empire Blue Cross Blue Shield</u>, 152 F.3d 67, 74-75 (2d Cir. 1998).

///

///

///

///

///

**B.**    **WITH RESPECT TO THE FIRST COPYRIGHT**
**REGISTRATION, PLAINTIFFS FAIL TO STATE A VALID**
**CLAIM FOR COPYRIGHT INFRINGEMENT, DUE TO**
**CONTRADICTORY ALLEGATIONS OF AUTHORSHIP;**
**THEY CANNOT INITIATE OR MAINTAIN THIS ACTION**
**BASED ON AN INVALID COPYRIGHT REGISTRATION.**

To prevail on a copyright infringement claim, a plaintiff must establish both

(1) ownership of a valid copyright and (2) infringement of the copyright on the part

of the defendant.  Eckes v. Card Prices Update, 736 F.2d 859, 861 (2d Cir. 1984);

see also Yurman Design Inc. V. PAJ, Inc., 262 F.3d 101, 109 (2d Cir. 2001).  In the

absence of a valid copyright registration, the Court lacks subject matter jurisdiction

over an action for infringement.  See Morris v. Business Concepts, Inc., 259 F.3d

65, 68 (2d Cir. 2001); Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC, 586

U.S. 296, 306, (2019) ("In enacting 17 U. S. C. §411(a), Congress… reaffirmed the

general rule that registration must precede an infringement suit…"); Yurman

Design Inc. v. Chaindom Enter., Inc., No. 99 Civ 9037 (JFK), 1999 U.S. Dist.

LEXIS 18382, 1999 WL 1075942, at *5 (S.D.N.Y. Nov. 29, 1999) (quoting Tuff-n-

Rumble Management, Inc. v. Sugarhill Music Publ'g Inc., 49 F. Supp. 2d 673, 677

(S.D.N.Y. 1999)).  That lack of subject matter jurisdiction flows from the provision

in 17 U.S.C. Section 411(a) that "no action for infringement of the copyright in any

work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."

Under Section 411(b)(1) of the Copyright Act, a certificate of registration establishes the validity of a copyright, "regardless of whether the certificate contains any inaccurate information, unless – (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration."  In other words, "[t]he standard is whether the applicant knowingly included inaccurate information on its application that could have led the Copyright Office to refuse registration." Palmer/Kane LLC v. Rosen Book Works LLC, 188 F. Supp. 3d 347, 352 (S.D.N.Y. 2016).

Possession of a registration certificate creates a rebuttable presumption of the validity of the copyright and the contents of the registration. 17 U.S.C. § 410(c).  The presumption may be overcome, however, by proof of knowing misrepresentation.  Eckes, supra, 736 F.2d at 861-62; M. Nimmer & D. Nimmer, 2 Nimmer on Copyright § 7.20[B][1], at 7-214.7 - 7-214.8 (2020).  The "knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitutes reason for holding the registration invalid and thus incapable of supporting an infringement action."  Eckes, supra, 736 F.2d

-11-

at 861-62 (quoting <u>Russ Berrie & Co. v. Jerry Elsner Co.</u>, 482 F. Supp. 980, 988 (S.D.N.Y. 1980)); <u>see</u> 17 U.S.C. § 411(b)(1).

In the present case, Plaintiffs' own allegations make clear that, in submitting the application for Boyd's first copyright registration, Boyd knowingly omitted, and failed to advise the Copyright Office of, material information about the authorship of the LTWIS work(s).  SAC, ¶¶ 25, 31, 61, **Exh. A**, pp. 1 - 2.  Plaintiffs affirmatively allege that Kanye West contributed protectable musical expression to the LTWIS musical work, including the beat, chords, and melodies, and thus, that Mr. West was an author of such work.  <u>Id</u>. ¶ 25.  Even if Mr. West had transferred, assigned, or otherwise conveyed his interest in the LTWIS work to Boyd, no facts are alleged in the SAC to support such a finding and, in any event, it would not affect the outcome – Boyd knew that Mr. West was an author, and she failed to disclose this information in the application for her first copyright registration.  In fact, Boyd failed to identify *any* author other than herself.  <u>Id</u>. ¶¶ 31, 61, **Exh. A**, pp. 1 - 2.  As a result, Plaintiffs' first registration, filed in December of 2023, falsely identified Boyd as the sole author of all of the material – the sound recording and the underlying musical composition – that she sought to register.

Had the U.S. Copyright Office known these facts at the time that Boyd applied for the registration, the application would have been denied.  <u>Id</u> **Exh. A**, pp. 1-2.  The Copyright Notes on the first record, attached as Exhibit A to the SAC,

state in relevant part: "A work may be registered with the Single Application **only if the following requirements have been met**: ... 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same individual; 4) The author and the owner of the work must be the same person, and that person must own all of the rights in the work..."  Boyd's submission failed to satisfy these requirements, and the U.S. Copyright Office would have rejected her application had it been aware of these failures, including the fact that Boyd was not the sole author and creator of all of the material concerned.  In addition, as all joint authors must be identified in an application for the registration of a joint work (Id. **Exh. A**, pp. 1 - 2), had the U.S. Copyright Office known of Mr. West's contributions to the LTWIS song, it would have denied *any* application seeking to register the same solely in Boyd's name, as the sole author thereof.

Accordingly, on the basis of Plaintiffs' own admissions and the record attached to the SAC, it is undisputed that Boyd's first copyright registration is invalid.  Without a valid registration, Plaintiffs cannot initiate or maintain a claim for infringement.  Because copyright infringement serves as the basis for six of the seven claims for relief in the SAC (Claims For Relief 1-6), all must be dismissed.

**C.**      **THE SECOND REGISTRATION IS ALSO INVALID BECAUSE PLAINTIFF BOYD CANNOT INITIATE OR MAINTAIN THIS ACTION BASED ON AN INVALID AND UNTIMELY REGISTRATION FOR LYRICS ALONE.**

The SAC cites to a second registration by Boyd, this time for the lyrics alone (*i.e.*, PAu004267233).  However, a song's lyrics cannot be registered separately from a song's music if the music and lyrics form part of a single unitary work.  As the Second Circuit clarified a decade ago, the Copyright Act's "definition of 'joint work,' a work prepared by multiple authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole, suggests that such inseparable contributions are not themselves 'works of authorship,'" subject to their own copyright protection.  16 Casa Duse, LLC v. Merkin, 791 F.3d 247, 257 (2d Cir. 2015).

Indeed, courts have long viewed songs as paradigmatic examples of "joint work."  Childress v. Taylor, 945 F.2d 500 (2d Cir. 1991), (reaching a "fairly straightforward" conclusion that "words and music combine[]" into a single joint work); Edward B. Marks Music Corp. v. Jerry Vogel Music Co., 140 F.2d 266, 267 (2d Cir. 1944) (holding that a co-author of a song could not copyright the lyrics separately from the song); see also 17 U.S.C. § 102(a)(2) (providing that copyright protection in a "musical work" includes the lyrics of a song).

-14-

In the present case, Boyd has admitted that "Kanye West invited Plaintiff to write music for him by providing Plaintiff Victory Boyd with some chords and melodies that he liked [and that] Plaintiff then wrote the lyrics by herself..."  SAC, ¶ 25.  In other words, Boyd was not writing a standalone poem or a literary endeavor (which, in any event, would not be capable of being registered as a musical work or work of performing arts [*i.e.*, in a "PA" registration]).

Mr. West requested that Boyd collaborate with him by writing lyrics that would form part of a song.  This undertaking *necessarily* resulted in the creation of a "joint work," authored by, at the very least, Boyd and Mr. West.  It is not relevant that Boyd may have written some of the lyrics on her own – she clearly intended that these lyrics be merged with Mr. West's music, and form part of a single musical work.  The LTWIS song is a joint work, and the lyrics form part of the indivisible whole.  Additionally, the Copyright Office would have denied the registration had it known that the lyrics formed part of the broader musical work.  Accordingly, the second copyright registration is invalid, and it cannot support a suit for copyright infringement.

Moreover, the second registration was made after the filing of this lawsuit by Plaintiff.  Section 411 of the Copyright Act states, in relevant part, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance

with this title."  As such, the second copyright cannot satisfy the requirements of

Section 411, and thus cannot (by itself) support this action.

Moreover, courts in this Circuit have expressly adopted the Fifth Circuit's

ruling that, "A plaintiff cannot recover statutory damages, and sometimes more

importantly, attorney's fees, for 'any infringement' a defendant commences before

the plaintiff registered the copyright.  17 U.S.C. § 412.  That limitation encourages

authors to register their works quickly, allowing potential infringers to readily

determine whether a work is protected."  S. Credentialing Support Servs., L.L.C. v.

Hammond Surgical Hosp., L.L.C., 946 F.3d 780, 782 (5th Cir. 2020); Murphy v.

Murphy, No. 20-CV-2388-JRC, 2025 U.S. Dist. LEXIS 59431, at *26 (E.D.N.Y.

Mar. 30, 2025); see also, Fischer v. Forrest, 968 F.3d 216, 220 (2d Cir. 2020)

(Section 412 "precludes statutory damages or attorneys' fees for 'any infringement

of copyright in an unpublished work commenced before the effective date of its

registration' or 'any infringement of copyright commenced after first publication of

the work and before the effective date of its registration.'").  As such, even if the

second registration is valid, it cannot support Plaintiffs' Third and Fourth Claims

for Relief.

///

///

///

-16-

**D.    PLAINTIFFS' ACCOUNTING CLAIM IS PREEMPTED BY THE COPYRIGHT ACT.**

Claim Three of the SAC, which seeks an accounting of revenue derived from the allegedly-infringing exploitation of LTWIS, is preempted by the Copyright Act, and must be dismissed.  The Copyright Act preempts all legal or equitable claims that (1) involve works of authorship within the subject matter of copyright, and (2) are based on rights equivalent to those protected by the Act. 17 U.S.C. § 301(a); Elliott v. Cartagena, 2025 U.S. Dist. LEXIS 26160, at *32 – 37 (S.D.N.Y. 2025).

**i.    Sound Recordings And Musical Works Fall Within The Subject Matter Of Copyright.**

"The first prong of the statutory preemption inquiry, which we have called the subject matter requirement, looks at the work that would be affected by the plaintiff's exercise of a state-created right, and requires (as an essential element of preemption) that the work come within the subject matter of copyright as specified by sections 102 and 103.  If the work against which the plaintiff claims rights is a 'literary work,' a 'musical work,' a 'sound recording,' or any other category of 'work of authorship' within the 'subject matter of copyright' (even if the subject of the claim is for some reason ineligible for copyright protection) the plaintiff's claim

is subject to the possibility of statutory preemption." <u>MLGenius Holdings LLC v.
Google LLC</u>, No. 20-3113, 2022 U.S. App. LEXIS 6206, at *3-4 (2d Cir. Mar. 10,
2022) [internal citations and quotations omitted].

Evidently, Plaintiffs' sound recording of a musical work, and the musical
work itself (including any lyrics), falls within the "subject matter of copyright" and
satisfies this first prong of the statutory preemption inquiry.  Even considering that
Plaintiffs' claims are based solely on the LTWIS *lyrics*, the first prong is satisfied
because "musical works, including any accompanying words" are generally
copyrightable. 17 U.S.C. § 102(a)(2).

### ii. <u>The Rights Being Asserted By Plaintiffs Regarding Their Claims For Accounting Are Equivalent To The Exclusive Rights Within The Scope Of Copyright.</u>

The second prong looks at the right being asserted (over a work that comes
within the "subject matter of copyright") and requires (for preemption to apply)
that the right be "equivalent to any of the exclusive rights within the **general scope
of copyright** as specified by section 106." 17 U.S.C. § 301(a) (emphasis added).
Section 106 defines the "exclusive rights" that are conferred by Title 17 of the
United States Code, which consist of the rights "to do and to authorize" the
reproduction, distribution, performance, and display of a work, and the creation of

derivative works based on a work. 17 U.S.C. § 106. "With respect to what the statute means by equivalent, we have stated as a general proposition . . . that state law rights are equivalent to those within copyright's general scope when those state law rights may be abridged by an act which, in and of itself, would infringe one of the exclusive rights provided in Section 106." Jackson v. Roberts (In re Jackson), 972 F.3d 25, 43 (2d Cir. 2020).

Plaintiffs' state law claim for accounting (Claim 3) alleges that, "Plaintiff is entitled to recover all of Defendants' profits attributable to their acts of infringement," and that Defendants must therefore account to Plaintiffs. SAC ¶ 78. This claim is preempted by the Copyright Act, because it is "only through plaintiff's claim that he did not authorize defendants' distribution, publication, and/or reproduction of the [song] that anyone profiting must account to plaintiff." Levine v. Landy, 832 F. Supp. 2d 176, 193 (N.D.N.Y. 2011); see also Baiul v. NBC Sports, 708 F. App'x 710, 712-13 (2d Cir. Sept. 7, 2017) (affirming district court's dismissal of accounting, unjust enrichment and conversion claims as they "seek to vindicate rights that are already protected by the Copyright Act"); McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc., No. 22 Civ. 1138 (GHW), 2023 U.S. Dist. LEXIS 141085, 2023 WL 5211054, at *10 (S.D.N.Y. Aug. 13, 2023) ("[A]s numerous courts in this district have found, 'claims for accounting based on the

defendant's alleged misappropriation and exploitation of a copyright work are preempted by the Copyright Act.'").

Moreover, even if the accounting claim were not preempted, Plaintiffs have still failed to state a viable claim. "To make out a claim for an accounting under New York law, a plaintiff must allege (a) that a fiduciary relationship existed between the parties, and (b) that the defendant breached his or her fiduciary duty." Levine, 832 F. Supp. at 192 (citation omitted). No such duty exists between the parties.

"[T]here are traditionally no fiduciary duties owed between joint authors or copyright holders." Mills v. Cottrell, No. 04 Civ. 5562, 2006 U.S. Dist. LEXIS 90111, 2006 WL 3635325, at *15 - 16 (S.D.N.Y. Dec. 8, 2006) (citing to Margo v. Weiss, 1997 U.S. Dist. LEXIS 20867, 1998 WL 2558, *9 (S.D.N.Y. 1998), finding no breach of fiduciary duty were plaintiff's claims were "premised on the unsupported assumption that co-authors owe fiduciary duties to one another."); see also Gasery v. Kalakuta Sunrise, LLC, 422 F. Supp. 3d 807, 819 (S.D.N.Y. 2019) ("Co-owners of a copyright do not have a fiduciary duty to each other based on that co-ownership itself."); Member.com LLC v. Barber, 2013 U.S. Dist. LEXIS 135862, 2013 WL 5348546, at *26 (E.D.N.Y. 2013); Elliott v. Cartagena, 2025 U.S. Dist. LEXIS 26160, at *38 (S.D.N.Y. 2025).

-20-

As such, this claim fails because no such duty exists under the law.  The

Copyright Act governs the respective rights and obligations of co-authors, and its

statutory framework provides for non-exclusive rights of exploitation by each co-

owner without requiring permission or consent from the other. 17 U.S.C. § 201(a);

Thomson v. Larson, 147 F.3d 195, 206 (2d Cir. 1998) (rejecting the imposition of

fiduciary duties between joint authors and explaining that joint authorship is more

akin to a tenancy in common than a partnership).


## **CONCLUSION**

Plaintiffs cannot maintain this action without a valid copyright registration,

which they have failed to secure.  Plaintiffs' copyright registrations are invalid (and

the claims supported by these registrations fail) because Plaintiffs' claims of sole

authorship are contradicted by the SAC itself, which confirms that the LTWIS song

was a collaborative work; additionally, lyrics to a song cannot be the subject of a

separate copyright registration.  Accordingly, the SAC should be dismissed in its

entirety, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  Alternatively, Plaintiff's claim for an accounting (Claim Three) should

///

///

///

be dismissed because it is preempted by the Copyright Act.


DATED:        Los Angeles, California        **McPHERSON LLP**
              July 14, 2025

                                      By:_____*/s/ Edwin F. McPherson*_____
                                            Edwin F. McPherson
                                            emcpherson@mcpherson-llp.com
                                            Gabriel Henriquez
                                            ghenriquez@mcpherson-llp.com
                                            1900 Avenue of the Stars
                                            25th Floor
                                            Los Angeles, CA 90067
                                            Telephone: (310) 553-8833
                                            Facsimile: (310) 553-9233

                                            *Attorneys For Defendants*
                                            *Jacques Bermon Webster II p/k/a*
                                            *Travis Scott, Cactus Jack Records,*
                                            *LLC, Cactus Jack Publishing*
                                            *LLC,  Sony Music Entertainment,*
                                            *Sony Music Publishing (US) LLC,*
                                            *Solana Rowe p/k/a SZA,*
                                            *Nayvadius DeMun Cash p/k/a*
                                            *Future, and JahmalGwin p/k/a*
                                            *BoogzDaBeast*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Civil Rule 7 .1(c), I certify that the foregoing memorandum of law complies with all formatting requirements of this Court and contains 4,849 words, including footnotes and headings but excluding the caption page, this certificate, tables, and the signature blocks.  I relied on the word count of my word processing program used to prepare this brief.


Dated:    Los Angeles, California                 */s/ Edwin F. McPherson*
          July 14, 2025                  _____
                                         Edwin F. McPherson