UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

VICTORY BOYD and THE SONGS OF
GLORY,

        Plaintiffs,                                  Case No.: 1:25-cv-00181 (MKV)

                 *-against-*

JACQUES BERMON WEBSTER II p/k/a
TRAVIS SCOTT, CACTUS JACK RECORDS, LLC,
CACTUS JACK PUBLISHING, LLC, EPIC RECORDS,
SONY MUSIC ENTERTAINMENT,
SONY MUSIC PUBLISHING, AUDEMARS PIGUET,
SOLANA ROWE p/k/a SZA, NAVADIUS WILBURN
p/k/a FUTURE, JAHMAL GWIN, JAHAAN SWEET,
NIMA JAHANBIN, EDGAR PANFORD,
"JOHN DOE ENTITIES" 1-10 and
"JOHN DOES" 1-10,

        Defendants,
_____X

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER F.R.C.P. 12(B)(6)

Keith White, PLLC
396 Waverly Avenue
Brooklyn, NY 11238
Attorneys for the Plaintiffs

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND ..................................................................................................... 2

ARGUMENT ............................................................................................................................... 4

    A.   STANDARD OF REVIEW ............................................................................... 5

    B.   PLAINTIFFS HAVE ASSERTED VALID CLAIMS OF COPYRIGHT INFRINGEMENT ................................................................................................................ 6

        1. The SAC Pleads All Elements of Copyright Infringement ........................................ 6

        2. Factual Disputes Regarding Authorship and Registration Are Not Grounds for Dismissal ..... 8

        3. The SAC Sufficiently Pleads Ownership and Standing ............................................ 8

        4. The SAC Pleads Damages and Entitlement to Relief ............................................... 9

        5. The SAC Provides Fair Notice and a Plausible Right to Relief .............................. 10

        6. Conclusion ................................................................................................................ 9

    C. PLAINTIFFS' SECOND COPYRIGHT REGISTRATION IS VALID ........................... 10

        1. Subject Matter Jurisdiction ..................................................................................... 10

        2. Standing .................................................................................................................. 12

    D. PLAINTIFFS' ACCOUNTING CLAIM IS NOT PREEMPTED .................................... 13

        1. The Accounting is Required to Determine the Damages from Defendants' Copyright Infringement and Thus Are Not Preempted ................................................................. 13

        2. Accounting Claim Is a Statutory Remedy, Not a Preempted State Law Claim ...... 13

        3. Damages Claims Are Properly Pleaded Under the Copyright Act ......................... 14

        4. All Claims Are Properly Pleaded and Not Subject to Dismissal on Preemption Grounds ...... 14

CONCLUSION .......................................................................................................................... 15

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .................................................................................. 5

*Balhetchet v. Su Caso Mktg. Inc.*, No. 19-CV-4475 (PKC) (SJB), 2020 WL 4738242, at *2 (E.D.N.Y. Aug. 14, 2020) ................................................................................................. 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ................................................................... 5

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004) ...................... 13

*Childress v. Taylor*, 945 F.2d 500, 505 (2d Cir. 1991) ................................................................... 7

*Cook v. Jane Lyons Advertising, Inc.*, No. Civ.A. 97-00914, 1998 WL 164776, at *4 n.5 (D.D.C. Mar. 31, 1998) ........................................................................................................... 9

*Crowley v. Jones*, 608 F. Supp. 3d 78, 87 (S.D.N.Y. 2022). .......................................................... 4

*Eckes v. Card Prices Update*, 736 F.2d 859, 861 (2d Cir. 1984) ................................................... 6

*Eckes v. Card Prices Update*, 736 F.2d 859, 861-62 (2d Cir. 1984) .............................................. 7

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) ........................................... 6

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 306 (2019) ................. 6

*Graham v. Prince*, 265 F. Supp. 3d 366, 389 (S.D.N.Y. 2017) ............................................... 8, 11

*Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) ... 4

*Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*, 23 F. Supp. 3d 344 (S.D.N.Y. 2014) ...... 4

*Lucky Break Wishbone Corp. v. Sears, Roebuck and Co.*, No. C06-312Z, 2009 WL 86491, at *1 (W.D. Wash. Jan. 9, 2009) ............................................................................................. 9

*On Davis,* 246 F.3d at 160 (2d Cir.2001) .................................................................................... 12

*Semerdjian v. McDougal Littell*, 641 F. Supp. 2d 233, 246 (S.D.N.Y. 2009) ............................. 12

*Stokes v. Hombres Lounge, Inc.*, No. 19-CV-3434 (LDH) (CLP), 2020 WL 9814097, at *3 (E.D.N.Y. Oct. 7, 2020). ............................................................................................................... 4

*Strike 3 Holdings, LLC v. Doe*, No. 23-CV-998, 2024 WL 3369986, at *7 (E.D.N.Y. July 11, 2024) ............................................................................................................................................ 4

*Sykel Enters., Inc. v. Patra, Ltd.*, No. 03 Civ. 3364, 2004 WL 719181, at *7 (S.D.N.Y. Mar. 31, 2004) ............................................................................................................................................ 9

*Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.*, 595 U.S. 178, 181, 142 S. Ct. 941, 945, 211 L. Ed. 2d 586 (2022). ........................................................................................................................ 4

*Wiggins v. Unilver United States, Inc.*, 684 F. Supp. 3d 127, 137 (S.D.N.Y. 2023). ...................... 6

**FEDERAL STATUTES**

1338(a) ........................................................................................................................................ 10

17 U.S.C. § 101 ........................................................................................................................... 10

17 U.S.C. § 411(a) ....................................................................................................................... 12

17 U.S.C. § 504(b) ...................................................................................................................... 13

17 U.S.C.S. § 504(b), .................................................................................................................. 12

28 U.S.C. §§ 1331 ....................................................................................................................... 10

Copyright Act of 1976 ................................................................................................................ 10

Rule 12(b)(6) ................................................................................................................................. 5

Section 301(a) of the Copyright Act .......................................................................................... 12

## PRELIMINARY STATEMENT

Plaintiffs Victory Boyd and The Songs of Glory respectfully submit this Memorandum of Law in opposition to the Motion to Dismiss filed by Defendants Jacques Bermon Webster II p/k/a Travis Scott, Cactus Jack Records, LLC, Cactus Jack Publishing, LLC, Sony Music Entertainment, Sony Music Publishing (US) LLC, Solana Rowe p/k/a SZA, Nayvadius DeMun Cash p/k/a Future, and Jahmal Gwin p/k/a BoogzDaBeast. Defendants seek dismissal of the Second Amended Complaint ("SAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth herein, Defendants' motion should be denied in its entirety.

This action arises from the willful and unauthorized copying, exploitation, and commercial use of Plaintiffs' original musical composition, "Like The Way It Sounds," by Defendants in the creation, release, and promotion of the song "Telekinesis." Plaintiffs allege, with specificity and supporting documentation, that they are the sole and lawful proprietors of the copyrighted work at issue, that Defendants had access to and copied protectable elements of that work, and that Defendants' conduct constitutes actionable copyright infringement and related violations under federal law.

Defendants' motion to dismiss is premised on arguments regarding the validity of Plaintiffs' copyright registrations, the sufficiency of the pleadings, and the purported preemption of certain claims. However, as demonstrated below, the Second Amended Complaint ("SAC") more than adequately pleads each element required to state claims for copyright infringement, damages, and related relief. The registrations at issue are valid and confer standing and jurisdiction; the factual allegations are detailed, plausible, and entitled to a presumption of truth at this stage; and the claims asserted are not preempted or otherwise barred as a matter of law.

1

The issues presented by Defendants' motion—namely, the validity of Plaintiffs' copyright registrations, the sufficiency of the allegations of ownership and infringement, the scope of preemption, and the availability of damages and equitable relief—are all properly resolved in Plaintiffs' favor at the pleading stage. Plaintiffs respectfully submit that the Second Amended Complaint satisfies all applicable legal standards and that this case should proceed to discovery and adjudication on the merits.

### FACTUAL BACKGROUND

Plaintiffs Victory Boyd ("Boyd") and The Songs of Glory ("Glory") allege that Boyd is the author and owner of the original musical composition entitled "Like The Way It Sounds" (the "Original Work"), created in November 2019. Compl. ¶25.[1] The Original Work was registered with the U.S. Copyright Office under Registration Nos. SR0000986420 and PAu004267233, with the first registration covering the sound recording and lyrical composition, and the second registration covering the lyrics. Compl. ¶31.

According to the Second Amended Complaint, Boyd's creation of the Original Work was independent and not the result of any joint authorship or collaboration with any of the Defendants. Compl. ¶25. After recording the Original Work, Boyd shared it with Kanye West and left a copy in a studio in Wyoming. Compl. ¶44. Plaintiff explains the previous working relationship with Kanye West and the context in which the Defendants would get access to the Original Work. *Id*. Plaintiffs assert that, without authorization, Defendants subsequently accessed the Original Work and used it as the basis for the song "Telekinesis," which was released commercially on July 28, 2023, and credited to the Defendants Compl. ¶¶36-44.

---

[1] The Second Amended Complaint is referenced herein as "Compl."

2

Plaintiffs allege that "Telekinesis" copies substantial, protectable elements of the Original Work, namely the lyrics. Compl. ¶50. The complaint details specific lines and musical phrases from the Original Work that are alleged to have been reproduced verbatim or with only minor alterations in "Telekinesis." Compl. ¶54. Plaintiffs further allege that Defendants were aware of Boyd's authorship and ownership, as evidenced by their attempts to credit her as a co-writer in digital metadata and by communications with third parties seeking permission to exploit the work, which Boyd expressly denied. Compl. ¶42.

The Second Amended Complaint also alleges that the administrative requirement of copyright registration was fulfilled. Compl. ¶31. The Original Work was registered with the Copyright Office on December 12, 2023 (SR0000986420) and June 20, 2025 (PAu004267233). Compl. ¶31. Plaintiffs allege that Defendants' infringing acts—including the release, distribution, and public performance of "Telekinesis"—continued to occur after Boyd's registration of the Original Work, and that Defendants continued to exploit the work despite receiving notice of Plaintiffs' objections. Compl. ¶58. In addition to copyright infringement, Plaintiffs seek damages, an accounting of profits, injunctive relief, and a declaratory judgment regarding the ownership and authorship of the Original Work. Compl. ¶¶60-104. The complaint specifically alleges that Defendants' conduct was willful and intentional, and that Plaintiffs have suffered substantial harm as a result of the unauthorized use and commercial exploitation of their copyrighted material. Compl. ¶85.

These factual allegations, taken as true for purposes of the present motion, provide a detailed and plausible basis for Plaintiffs' claims of copyright ownership, infringement, and entitlement to relief.

# ARGUMENT

At the motion to dismiss stage, the Court must accept as true all well-pleaded allegations regarding registration, ownership, and infringement. *Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*, 23 F. Supp. 3d 344 (S.D.N.Y. 2014). Courts in this Circuit have accepted the registration number, as alone, sufficient to establish ownership and registration of a valid copyright and "have taken judicial notice of copyright registrations as published in the Copyright Office's registry." *Stokes v. Hombres Lounge, Inc.*, No. 19-CV-3434 (LDH) (CLP), 2020 WL 9814097, at *3 (E.D.N.Y. Oct. 7, 2020) (holding that plaintiff established ownership of valid copyrights by providing their registration numbers); *Balhetchet v. Su Caso Mktg. Inc.*, No. 19-CV-4475 (PKC) (SJB), 2020 WL 4738242, at *2 (E.D.N.Y. Aug. 14, 2020) (same); *see also Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) ("The district court was entitled to take judicial notice of Microsoft's federal copyright registrations, as published in the Copyright Office's registry."). *Strike 3 Holdings, LLC v. Doe*, No. 23-CV-998, 2024 WL 3369986, at *7 (E.D.N.Y. July 11, 2024). Also, the existence of a registration certificate, unless facially invalid, is sufficient to confer standing and satisfy the statutory prerequisites for suit. *Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.*, 595 U.S. 178, 181, 142 S. Ct. 941, 945, 211 L. Ed. 2d 586 (2022). Challenges to the validity of a registration based on alleged misstatements or joint authorship are factual matters that must be resolved on a developed record, not on the pleadings. *Crowley v. Jones*, 608 F. Supp. 3d 78, 87 (S.D.N.Y. 2022).

In sum, the statutory and case law framework governing copyright actions requires that the Court accept the validity of Plaintiffs' registrations and the sufficiency of their allegations at this

stage, and reserves for later proceedings any factual disputes regarding authorship, ownership, or the scope of preemption.

### A.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint, not the merits of the case. To survive such a motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Id.* The complaint need not contain detailed factual allegations; it must simply provide enough facts to raise a right to relief above the speculative level and to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

Dismissal under Rule 12(b)(6) is only appropriate where, after drawing all reasonable inferences in favor of the plaintiff, it appears beyond doubt that the plaintiff can prove no set of facts in support of their claim that would entitle them to relief. *Id.* The court's function at this stage is not to weigh evidence or resolve factual disputes, but to determine whether the complaint contains "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the claim. *Id.* at 556.

With respect to subject matter jurisdiction, the court may consider the face of the complaint and any materials of which it may take judicial notice. *Wiggins v. Unilver United*

*States, Inc.*, 684 F. Supp. 3d 127, 137 (S.D.N.Y. 2023). Where jurisdiction is challenged, the plaintiff bears the burden of establishing that jurisdiction exists, but at the pleading stage, the allegations are construed in the light most favorable to the plaintiff. *Id.* In the context of copyright actions, the Second Circuit has repeatedly held that the sufficiency of a complaint is governed by these same standards, and that questions regarding the validity of a copyright registration, authorship, or ownership are generally not appropriate for resolution on a motion to dismiss unless the facts establishing invalidity are clear from the face of the complaint and incorporated documents. See, e.g., *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 306 (2019); *Eckes v. Card Prices Update*, 736 F.2d 859, 861 (2d Cir. 1984).

Accordingly, at this stage, the Court must accept Plaintiffs' well-pleaded allegations regarding copyright ownership, registration, and infringement as true, and may only dismiss if, accepting those allegations, Plaintiffs could not possibly prevail as a matter of law.

### B. PLAINTIFFS' HAVE ASSERTED VALID CLAIMS OF COPYRIGHT INFRINGEMENT

#### 1. The SAC Pleads All Elements of Copyright Infringement

To state a claim for copyright infringement, a plaintiff must allege (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. See *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The Defendants argument that Plaintiffs' explanation of her previous work with Kanye West and some events that lead to Plaintiffs' creation of the Original Work invalidate Plaintiffs' copyright registrations. Deft Mem. of Law. pg. 12. While Plaintiffs' explanation of the relationship with Kanye West provides context for how the Original Work could be accessed by Defendants, Defendants creatively attempt to argue that Plaintiffs' explanation of the relationship invalidates her duly registered

6

copyrights. However, this argument makes assumptions of fact and draws conclusions that are not asserted in Plaintiffs' SAC. The SAC is straightforward and succinct in asserting Plaintiffs' sole creation of the Original Work. Compl. ¶25-31. In fact, the SAC pleads all of the required elements of a copyright claim in detail:

- **Ownership and Registration:** The SAC alleges that Plaintiff Victory Boyd is the sole author and owner of the original musical composition "Like The Way It Sounds," and that the work is registered with the U.S. Copyright Office under Registration Nos. SR0000986420 and PAu004267233. Compl. ¶31. The SAC attaches and references these registrations, which are facially valid and confer a presumption of ownership and validity at this stage.[2]

- **Copying and Access:** The SAC sets forth specific facts showing Defendants' access to the Original Work, including Boyd's sharing of the work with Kanye West, the presence of the work in a studio accessible to Defendants, and Defendants' subsequent use of the work as the basis for "Telekinesis." Compl. ¶¶31-140. The SAC details the substantial similarity between the Original Work and the allegedly infringing work, including verbatim or near-verbatim copying of lyrics and melody. Compl. ¶¶33, 50 and 54.

- **Willfulness and Damages:** The SAC alleges that Defendants' conduct was willful and intentional, and pleads both actual and statutory damages, as well as a request for attorney's fees and injunctive relief. Compl. ¶85.

These allegations are not conclusory; they are supported by specific facts, registration numbers, and a clear timeline of events. This level of detail far exceeds the "short and plain statement" required by Rule 8(a) and satisfies the plausibility standard of *Twombly* and *Iqbal*.

---

[2] Dkt# 46

**2. Factual Disputes Regarding Authorship and Registration Are Not Grounds for Dismissal**

Defendants' arguments regarding alleged contradictions in authorship, joint work status, or purported misstatements in the registration are factual disputes that cannot be resolved on a motion to dismiss. The Second Circuit has repeatedly held that questions of authorship, intent, and the validity of a registration—especially where the complaint alleges sole authorship and good faith—are not appropriate for resolution at the pleading stage. See *Childress v. Taylor*, 945 F.2d 500, 505 (2d Cir. 1991) (joint authorship is a fact-intensive inquiry); *Eckes v. Card Prices Update*, 736 F.2d 859, 861-62 (2d Cir. 1984) (presumption of validity attaches to registration; fraud or knowing misrepresentation is a factual issue). While Defendants' argument asserts that Plaintiff is a co-author with a non-party to this case, and thus, her copyright claim is invalid, Defendants' ignore the plain language of the SAC. In unambiguous language, Plaintiffs expressly allege that Boyd did not intend to collaborate with any Defendant in the creation of the Original Work, and that she alone composed the lyrics. Compl. ¶25. Any contrary assertion by Defendants is a matter for discovery and, if necessary, summary judgment or trial—not a basis for dismissal at the pleading stage.

**3. The SAC Sufficiently Pleads Ownership and Standing**

Defendants' challenge to Plaintiffs' standing and ownership is similarly misplaced. The SAC alleges that Boyd is the sole and lawful proprietor of all rights, title, and interest in the copyrighted work, and that she registered the work with the Copyright Office. Compl. ¶32. These allegations are sufficient to confer standing and to satisfy the statutory prerequisites for suit under 17 U.S.C. § 411(a). See *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 306 (2019) (registration is a precondition to suit, not a jurisdictional bar).

### 4. The SAC Pleads Damages and Entitlement to Relief

The SAC pleads both actual and statutory damages, as well as a request for attorney's fees and injunctive relief. While Section 412 of the Copyright Act may limit the availability of certain remedies based on the timing of registration and infringement, it does not bar the action or preclude all forms of relief. *Graham v. Prince*, 265 F. Supp. 3d 366, 389 (S.D.N.Y. 2017). Contrary to defendants' contention, the Court has the discretion to award costs for *all* of the alleged infringements in this action, regardless of their timing relative to registration. The plain language of 17 U.S.C. § 412 states that registration is a prerequisite only for the recovery of "statutory damages [and] attorney's fees," and 17 U.S.C. § 505 states explicitly that attorneys' fees may be awarded as "part of the costs" recoverable in copyright infringement actions, "[e]xcept as otherwise provided" by the Copyright Act. Thus, the statute does not make registration a condition precedent for the recovery of any "costs" aside from attorneys' fees. *See* 6 William F. Patry, *390 Patry on Copyright § 22:221 (2017); *Sykel Enters., Inc. v. Patra, Ltd.*, No. 03 Civ. 3364, 2004 WL 719181, at *7 (S.D.N.Y. Mar. 31, 2004) (there is "no statutory bar to [plaintiff's] recovery of costs under [section] 505"); *Lucky Break Wishbone Corp. v. Sears, Roebuck and Co.*, No. C06-312Z, 2009 WL 86491, at *1 (W.D. Wash. Jan. 9, 2009) ("17 U.S.C. § 412 bars only an 'award of statutory damages or of attorney's fees,' and not an award of costs, when infringement predates registration."); *Cook v. Jane Lyons Advertising, Inc.*, No. Civ.A. 97-00914, 1998 WL 164776, at *4 n.5 (D.D.C. Mar. 31, 1998) ("Because section 412 only bars the award of the attorneys' fees portion of costs, the plaintiff's request for those costs other than attorneys' fees is not stricken from the complaint."). Given the lack of any statutory or precedential basis to preemptively prohibit plaintiff from seeking to recover costs in this infringement action, Defendants' request should be denied as any dispute regarding the timing of

registration or the scope of available remedies is a matter for later proceedings, not a basis for dismissal at the pleading stage.

**5. The SAC Provides Fair Notice and a Plausible Right to Relief**

The SAC provides Defendants with fair notice of the claims and the grounds upon which they rest. It sets forth the identity of the parties, the nature of the work, the acts of infringement, the timeline of events, and the specific relief sought. The allegations are detailed, plausible, and supported by documentary evidence. This is precisely what Rule 8(a) and the Supreme Court's pleading standards require.

In sum, the Second Amended Complaint more than adequately states claims for copyright infringement, ownership, and damages. It pleads all necessary elements with specificity, provides fair notice, and raises a plausible right to relief. Any factual disputes regarding authorship, intent, or the scope of copying must be resolved on a developed record, not on a motion to dismiss. Accordingly, Defendants' arguments regarding the sufficiency of the complaint are without merit, and the motion to dismiss should be denied.

### C. PLAINTIFFS' SECOND COPYRIGHT REGISTRATION IS VALID

**1. Subject Matter Jurisdiction[3]**

This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), as the action arises under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. The Second Amended Complaint expressly pleads these jurisdictional bases and sets forth claims that arise directly under federal copyright law. Defendants' suggestion that the Court lacks jurisdiction due to alleged defects in Plaintiffs' copyright registrations is contrary to controlling authority. The Supreme Court has made clear that registration is a precondition to suit, not a

---

[3] Though, not expressly stated, Defendants' argument against the validity of the copyright registrations is a challenge to the court's subject matter jurisdiction over the present claims.

jurisdictional requirement. In *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 306 (2019), the Court held that "registration occurs, and a copyright claimant may commence an infringement suit, when the Copyright Office registers a copyright." The existence of a registration certificate—unless facially invalid—satisfies the statutory prerequisite for bringing suit and does not deprive the Court of subject matter jurisdiction. Here, Plaintiffs have pleaded and attached valid copyright registrations for the Original Work (SR0000986420 and PAu004267233). These registrations are facially valid and confer the necessary basis for the Court's jurisdiction over the claims asserted.

Though the Defendants' take creative license with the SAC's allegations, the SAC is succinct and clear in alleging the Plaintiffs' creation and registration of the Original Work.[4] Compl. ¶31. Further, Defendants' arguments that Plaintiffs' registrations incorrectly identify joint works are questions of fact, raised wholly by Defendants' own assumptions, projected intentions and assertions of fact that do not cite to the Complaint or any factual record.[5] Indeed, the SAC alleges that Plaintiff Victory Boyd is the sole author and owner of the original musical composition "Like The Way It Sounds," and that the work is registered with the U.S. Copyright Office under Registration Nos. SR0000986420 and PAu004267233. Compl. ¶31. While the Plaintiff discusses her previous work with Kanye West and events that lead up to her creation of the Original Work, the Plaintiffs' claim of sole ownership of the Original Work is unambiguous.

---

[4] Defendant's motion asserts that "Mr. West requested that Boyd collaborate with him by writing lyrics that would form part of a song" with no citation to the SAC because this language is not in SAC.

[5] "This undertaking *necessarily* resulted in the creation of a 'joint work,' authored by, at the very least, Boyd and Mr. West. It is not relevant that Boyd may have written some of the lyrics on her own- she clearly intended that these lyrics be merged with Mr. West's music, and form part of a single musical work. The LTWIS song is a joint work, and the lyrics form part of the indivisible whole. Additionally, the Copyright Office would have denied the registration had it known that the lyrics formed part of the broader musical work. Accordingly, the second copyright registration is invalid, and it cannot support a suit for copyright infringement."- Deft Mem. of Law, pg 15.

**2. Standing**

Defendants' challenge to the timing of the Plaintiffs' registrations are a challenge to available remedies, not a challenge to the viability of the claim. Again, while Section 412 of the Copyright Act may limit the availability of certain remedies based on the timing of registration and infringement, it does not bar the action or preclude all forms of relief. *Graham v. Prince*, 265 F. Supp. 3d 366, 389 (S.D.N.Y. 2017). To establish standing in a copyright action, a plaintiff must allege (1) ownership of a valid copyright, and (2) infringement of that copyright by the defendant. The Second Amended Complaint satisfies both requirements.

- **Ownership:** Plaintiffs allege that Victory Boyd is the sole author and owner of the Original Work, and that the work is registered with the U.S. Copyright Office. The registration certificates attached to the complaint provide prima facie evidence of ownership and validity at this stage.

- **Infringement:** Plaintiffs allege that Defendants had access to the Original Work and copied substantial, protectable elements in the creation and release of "Telekinesis." The complaint details the acts of infringement, including unauthorized reproduction, distribution, and public performance.

The Second Circuit has consistently held that these allegations are sufficient to confer standing. See *Eckes v. Card Prices Update*, 736 F.2d 859, 861 (2d Cir. 1984) (registration certificate is prima facie evidence of validity and ownership); *Fourth Estate*, 586 U.S. at 306 (registration is a precondition to suit, not a jurisdictional bar).

Defendants' arguments regarding the validity of the registrations, alleged misstatements, or questions of joint authorship are factual disputes that do not defeat standing at the pleading stage. The SAC alleges, in detail, that Boyd is the sole author of the Original Work and that the

12

registrations were properly obtained. Any contrary assertions by Defendants must be resolved on a developed factual record, not on a motion to dismiss. Accordingly, the requirements of 28 U.S.C. §§ 1331, 1338(a), and 17 U.S.C. § 411(a) are satisfied. Plaintiffs have standing to assert their claims, and the Court has jurisdiction to adjudicate this action. Defendants' motion to dismiss on these grounds should be denied.

### D. PLAINTIFFS' ACCOUNTING CLAIM IS NOT PREEMPTED

### 1. The Accounting is Brought Under §504(b) and Not Preempted

Under §504(b) of the Copyright Act, 17 U.S.C.S. § 504(b), an aggrieved plaintiff is entitled to disgorgement of the infringer's profits that are reasonably related to the infringement, and not already accounted for by an actual damages award. *On Davis,* 246 F.3d at 160 (2d Cir.2001). Section 504(b) presumes that profits attributable to infringement equal the infringer's gross revenues. § 504(b). *Semerdjian v. McDougal Littell*, 641 F. Supp. 2d 233, 246 (S.D.N.Y. 2009).

Plaintiffs' primary claims for copyright infringement arise directly under the Copyright Act, 17 U.S.C. § 101 et seq., and are not subject to preemption analysis. Section 301(a) of the Copyright Act preempts only state law claims that fall within the subject matter of copyright and assert rights equivalent to those protected by the Act. Federal copyright claims, by definition, are not preempted—they are the exclusive means of enforcing rights in works of authorship fixed in a tangible medium of expression. Plaintiffs' claims for infringement, actual damages, statutory damages, and injunctive relief are all expressly authorized by the Copyright Act and are properly pleaded as federal causes of action.

### 2. Accounting Claim Is a Statutory Remedy, Not a Preempted State Law Claim

Defendants argue that Plaintiffs' claim for an accounting is preempted by the Copyright Act. This mischaracterizes the nature of the claim. Plaintiffs seek an accounting of profits as a

remedy for copyright infringement under 17 U.S.C. § 504(b), which provides that a copyright owner is entitled to recover "any profits of the infringer that are attributable to the infringement." The Second Amended Complaint expressly pleads the accounting claim as a statutory remedy, not as a separate state law cause of action. Compl. ¶¶77-80.

Courts in this Circuit have repeatedly recognized that an accounting of profits is a remedy available under the Copyright Act and is not preempted or otherwise barred. See, e.g., *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004) (preemption applies only to state law claims, not to remedies provided by the Copyright Act itself). Where, as here, the accounting claim is tethered to the alleged infringement of federally protected rights, it is not subject to dismissal on preemption grounds.

### 3. Damages Claims Are Properly Pleaded Under the Copyright Act

Plaintiffs' claims for actual and statutory damages, as well as attorney's fees, are remedies expressly provided by the Copyright Act. Section 504 authorizes recovery of actual damages and profits, while Section 504(c) provides for statutory damages in appropriate cases. Section 505 authorizes the award of attorney's fees to the prevailing party. These claims are not preempted, as they are not state law claims but rather integral components of the federal statutory scheme.

As discussed earlier, Defendants' arguments regarding the timing of registration and the availability of statutory damages or attorney's fees under Section 412 are not grounds for dismissal. Any limitations on remedies imposed by Section 412 are issues for later stages of the litigation and do not affect the sufficiency of the pleadings or the viability of Plaintiffs' claims for relief.

### 4. All Claims Are Properly Pleaded and Not Subject to Dismissal on Preemption Grounds

Despite Defendants' factual arguments, the Plaintiffs' claims for copyright infringement, accounting, and damages are all properly pleaded under the Copyright Act and are not preempted. The accounting and damages claims are statutory remedies, not state law causes of action. To the extent any claim could be construed as a state law claim, the complaint alleges facts sufficient to survive preemption at the pleading stage, and any such argument is premature. The Second Amended Complaint provides a detailed and plausible basis for each claim, and Defendants' preemption arguments provide no basis for dismissal.

Accordingly, the motion to dismiss on preemption grounds should be denied in its entirety.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion to dismiss in its entirety.

Dated: July 25, 2025
    Brooklyn, NY

By:    /ss/Keith White
KEITH WHITE, PLLC
*Attorneys for Plaintiffs*
396 Waverly Avenue
Brooklyn, NY 11238
718-403-9261